GEORGE W. TOWLE *vs.* DIRIGO MUTUAL FIRE INSURANCE COMPANY.

Cumberland.    Opinion November 14, 1910.

*Insurance.    Fire Insurance.    Construction of Policy.    Additional Insurance.*
*Transfer of Property.    Change of Title.    Waiver.    Revised Statutes,*
*chapter 49, section 4.*

The defendant, a Mutual Fire Insurance Company, in consideration of a cash payment and a premium note, in 1904, issued to one Adrianna Smith a policy in the standard form, insuring her dwelling house and barn. The policy contained no permission for other insurance. Mrs. Smith died in 1905. By her will she devised the insured premises to her son, and in 1906 the son conveyed them to his father, Eben Smith. After the death of Mrs. Smith, Eben Smith notified the defendant of that fact, and directed that notices of assessments on the premium note should thereafter be sent to him. This was done, and he paid all subsequent assessments of which he had notice, including one made after a fire which destroyed the buildings in 1909, and after due proofs of loss had been made by Eben Smith. After the property was conveyed to Mr. Smith he procured additional insurance on the dwelling house, but none on the barn. The proofs of loss disclosed the additional insurance, as well as the transfer of title to the son by will, and from the son to Eben Smith by deed. Prior to Jan. 8, 1907 the policy, by endorsement, had been made payable to the executor of the assignee of a mortgage upon the premises, as his mortgage interest might appear, and on that day the executor, with the assent of the defendant, assigned his interest in the policy as mortgagee to the plaintiff. At the time of the fire the plaintiff held two other mortgages upon the insured premises. After the proofs of loss were made Eben Smith assigned his claim for insurance to the plaintiff as mortgagee. The defendant had no notice of the additional insurance until after the fire, and none of the transfer of the title, except such as should be inferred from the notice by Eben Smith that Mrs. Smith was dead, and the request that thereafter notices of assessments should be sent to him. The plaintiff claims both as mortgagee and assignee of Eben Smith's claim.

*Held:* 1.  That under the terms of the policy, by which it was provided that "it shall be void if the insured now has or shall hereafter make any other insurance on the said property without the assent of the Company, or if, without such assent, the said property shall be sold," the policy was avoided, at least as to the dwelling house, by the procuring of the additional insurance, and as to all of the property, by the sale and conveyance from the devisee of the insured to another person.

2. That the provision in the policy to the effect that if made payable to a mortgagee, no act or default of any other person shall affect the mortgagee's right to recover does not protect the plaintiff, since the policy was not made payable to him as mortgagee under the two mortgages which he now holds, but under an entirely distinct mortgage.

3. That the plaintiff as assignee has no greater right than his assignor, Eben Smith, had.

4. That the notice given to the defendant of the death of the insured, and the direction to send the notices of assessment thereafter to Eben Smith was not sufficient to charge it with notice that the property had been "sold" to him; and that the defendant, having no other notice, is not estopped by the making of assessments upon the premium note, the giving notice thereof to him, and the receipt and retention of the assessments paid by him, to set up the conveyance to him by deed, contrary to the provisions of the policy, as a defense in an action upon the policy.

5. That change of title by will or descent does not avoid a policy in the standard form.

6. That the making of an assessment upon a premium note by a Mutual Fire Insurance Company, and the collection and retention of the assessment after the loss has occurred and after the Company has become informed of the facts which create a forfeiture, is not a waiver of the forfeiture, and does not revive a void policy.

7. That the foregoing rule is applicable to the facts in this case. Although Eben Smith did not give the note, it was treated by both parties as a valid subsisting obligation. The assessment paid after the loss occurred was made on account of that note, and was paid by Smith on account of that note. So far as he is concerned, therefore, it is the same as if it had been his note, and that brings the case within the rule stated.

On agreed statement of facts. Judgment for defendant.

Action upon a fire insurance policy. Reported to the Law Court on an agreed statement of facts.

The case is stated in the opinion.

*Augustus F. Moulton*, for plaintiff.

*H. & W. J. Knowlton*, for defendant.

SITTING: EMERY, C. J., SAVAGE, PEABODY, SPEAR, CORNISH, KING, JJ.

SAVAGE, J. This action is brought upon a fire insurance policy. The plaintiff claims both as mortgagee, and as assignee of the claim, under the policy, of the owner of the equity of redemption, the as-

signment having been made after the property insured had been destroyed by fire. The fire occurred January 21, 1909.

The essential facts are these. The defendant is a mutual fire insurance company organized under the laws of this State. November 12, 1904, the defendant, in consideration of a cash payment and a premium note issued to one Adrianna S. Smith a policy in the standard form, insuring buildings described as belonging to her, as follows:—$800 on a dwelling house and $200 on a barn. The policy contained no permission for other insurance. Mrs. Smith died testate in 1905, having paid all the assessments on the premium note levied to the time of her death. By her will she devised the insured premises to her son, and in 1906 the son conveyed them to his father, Eben Smith. After the death of Mrs. Smith, Eben Smith notified the defendant of that fact, and directed that notices of assessments should thereafter be sent to him. Accordingly, from the time of the notice to the time of the fire the defendant sent the assessment notices to Eben Smith, who paid the assessments.

Prior to January 8, 1907, by endorsement upon the policy, it had been made payable to the executor of an assignee of a mortgage upon the premises, as his mortgage interest might appear, and on that day the executor, with the assent of the defendant, assigned his interest in the policy as mortgagee to the plaintiff. Also at the time of the fire the plaintiff held two other mortgages upon the insured premises, of which the defendant had no knowledge until afterwards, one given in 1904 by Mrs. Smith, and one in 1907 by Mr. Smith.

In 1908 Mr. Smith procured additional insurance on the dwelling house, but none on the barn. This was not known to the defendant until after the fire. The latter insurance has been paid.

On January 27, 1909, Mr. Smith made proof of the loss under the policy in suit on a blank form furnished by the company, and the blanks were filled in by the defendant's Secretary. The proof disclosed the additional insurance, as well as the transfer of title from Mrs. Smith to her son by will, and from the son to Mr. Smith by deed. The claim was rejected February 8, 1909. On February 24, 1909, the defendant sent notice to Mr. Smith, of another assess-

ment upon the premium note, which he paid, and the defendant has retained the money.

On March 8, 1909, Mr. Smith assigned to the plaintiff as mortgagee his claim against the defendant for insurance.

It is provided in the policy in suit as in all policies of the standard form that "It shall be void if the insured now has or shall hereafter make any other insurance on the said property without the assent in writing or in print of the company, . . . or if, without such assent, the said property shall he sold, or this policy assigned." R. S., c. 49, sect. 4. And the defendant contends that the policy became void, at least as to the dwelling house, because of the additional insurance procured, and as to all the property insured, because of the sale and conveyance from the son to Eben Smith. And, of course, this was the result, unless the forfeiture has been waived, or the result avoided in some other way.

The plaintiff seeks to avoid the result. He claims in the first place that as mortgagee he is protected by another provision in the policy to the effect that "if this policy shall be made payable to a mortgagee of the insured real estate, no act or default of any person other than such mortgagee or his agents, or those claiming under him, shall affect such mortgagee's right to recover, in case of loss on such real estate." The answer to this proposition is that the policy is not made payable to the plaintiff as mortgagee, under the mortgages of 1904 and 1907, both given after the policy was issued. It is true that by endorsement with the defendant's assent the policy was made payable to the plaintiff as mortgagee in 1907. But that endorsement related only to the mortgage interest which the plaintiff had under another mortgage, originally given to another party. The endorsement was limited to that mortgage. It had nothing to do with the mortgages under which the plaintiff now claims. The language. of the agreed statement is this: "The policy was by due endorsement made payable to Henry W. Swasey, executor of Isaac R. Rogers estate as his mortgage interest might appear and the *said mortgage interest* was by endorsement upon the policy dated January 8, 1907, assigned to the plaintiff as mortgagee." And since it is also stated in the agreed statement that after the

deed from the son to Eben Smith in 1906, the latter "then became sole owner subject to the Towle mortgage of $1600," which was the 1904 mortgage, we think we must assume, though it is not expressly so stated, that the mortgage interest referred to in the policy has ceased. It follows that as to the mortgages of 1904 and 1907, the plaintiff is not protected by the clause in the policy upon which he relies, and which we have quoted above. In fact, since the policy is not made payable to him as mortgagee under these mortgages, he has as mortgagee no right of action under them directly against the defendant, but his remedy, if any, would have been under R. S., c. 49, sect. 55, relating to the enforcement of a mortgagee's lien upon the policy.

If therefore the plaintiff has any enforceable claim against the defendant, it must be his claim, not as the mortgagee under these mortgages, but as the assignee of Eben Smith of the claim for the loss. And in this capacity he has no greater right than his assignor would have had.

What would have been Eben Smith's right? He was not the insured in the policy. He was not named in the policy. He was not a party to it, originally, nor by assignment and assent after-wards. By the policy the defendant had made no agreement with him. He therefore had no right of action on the policy. His suit on the policy, if maintainable at all, should have been brought in the name of the executrix of Mrs. Smith's will, but for his bene-fit. But this point has not been made in argument. The parties in interest are before the court. When a case is before this court upon an agreed statement, the court may, and generally will, pro-ceed to consider the case on its merits, and disregard errors in pleading, unless questions of proper pleading have been reserved. As all the parties in interest are before the court, we will examine into the merits of Eben Smith's claim.

The plaintiff contends that, although Eben Smith was not a party to the policy, the defendant is estopped to deny that in fact it insured the property as the property of Eben Smith after the death of his wife, and is estopped to set up the transfer from the son to Eben Smith as an avoidance of the policy. It is claimed that the

defendant virtually continued the policy after the transfer as a policy upon Eben Smith's property, assessed him as if he had given the premium note, and received and kept his assessments; in other words, treated him precisely as if he had been named as the insured in the policy. And it is earnestly urged that after having so treated Eben Smith and the property for more than three years, the defendant ought not now, after a loss has occurred, to be heard to say that the property was not insured for Eben Smith.

It is not necessary to inquire now what would have been the effect, if the defendant had done these things, with a knowledge of the transfer and of the entire situation, for we think the case does not show such knowledge; nor does it show enough to make the defendant chargeable with such knowledge. The only knowledge the defendant appears to have had was contained in a letter from Eben Smith that Adrianna S. Smith, the insured, was dead, and that he wished the assessment notices to be sent to him. It does not appear whether this information was communicated to the defendant after Eben Smith took title by deed, or before. At any rate, the letter said nothing about any change of title by deed. It did say that the insured was dead, and hence it was to be inferred that the title had passed to some other person by will or by descent. But such a change of title did not avoid the policy. By such a change the property was not "sold" within the meaning of the policy. The policy remained in force for the benefit of heirs or devisees. So that notice that Mrs. Smith was dead was not notice that the property had been "sold," much less that it had been sold to Eben Smith. Neither do we think was the request of Smith that the assessment notices should be sent to him, notice, under the circumstances, that the premises had been "sold" to him. He had been the husband of the insured. It would be a natural presumption that he would be interested in the property either by descent, or as devisee. It might reasonably be supposed that he was the executor or administrator. The circumstances all afforded a reasonable explanation of his request, without resort to the inference that the property had been "sold" to him. It was a proper and natural request for a surviving husband or an executor or an heir to make.

So we think the defendant is not chargeable with knowledge of the sale. And this being so, there is no ground for an estoppel. It has done nothing to mislead Eben Smith, or to put him in a false position. It has acted only as he requested it to act. He was acting in the light, as to the facts, but the defendant in the dark. Eben Smith cannot complain. The defendant is not barred from setting up the conveyance to Eben Smith as a defense.

Finally, the plaintiff claims, that the defendant has waived the defenses set up, because, after the loss occurred, and after it had full knowledge that there had been additional insurance procured, and that there had been a transfer of title, it made an assessment upon the premium note, and gave Mr. Smith notice thereof, and received and retained the assessment paid by him.

In the recent case of *Knowlton* v. *Insurance Co.*, 100 Maine, 481, following *Philbrook* v. *Ins. Co.*, 37 Maine, 137, and *Gardiner* v. *Ins. Co*, 38 Maine, 439, this court held that the making of an assessment upon a premium note by a mutual insurance company, in all essential respects like the defendant, and the collection and retention of the assessment after the loss has occurred and after the company has become informed of the facts which create a forfeiture, is not a waiver of the forfeiture, and does not revive a void policy. The reason is that although the policy may become void, the note is not thereby cancelled. . It still remains an obligation of the maker, and the maker is not excused from the payment of assessments made afterwards. So that, by insisting upon payment of such an assessment the company is only enforcing its contract right against the insured, irrespective of whether the insurance remains in force or not, and it waives nothing.

But the plaintiff attempts to meet this doctrine by saying that it does not apply to this case. Here, so it is said, there was no premium note of Eben Smith. He was not a member of the defendant company. He was under no contract obligation to pay any assessment upon any note. And knowing these facts, the company by making and collecting the assessment recognized him as being insured under the policy, and thus waived the forfeiture.

But we think this contention loses sight of the real character of the defendant's act. Since the defendant had no authority to make an assessment except upon a premium note, it must be presumed that it made the assessment as upon the premium note. In fact it is said in the agreed statement that the assessment was "upon said premium note." The defendant treated the note, as both parties had treated it since the death of Mrs. Smith, as a valid, subsisting obligation. It could not have been intended to make any claim upon Eben Smith except on account of that note, and it must have been so understood by him. There is no question but that the assessment was made on account of the note, and when Smith paid it he did so because of the note. So far as Eben Smith is concerned therefore, it is the same as if it had been his note, and the case falls within the doctrine of *Knowlton* v. *Ins. Co.*, supra.

Accordingly we conclude that the policy was void at the time the loss occurred, and that the defendant is not estopped to set up this defense, and has not waived it.

*Judgment for defendant.*